■ CHERYL SCHILDKRAUT, Individually and as Administratrix of the Estate of ALAN SCHILDKRAUT, Deceased, Respondent, v EAGLE LINES, INC., et al., Appellants.—Judgment, Supreme Court, Bronx County (Irwin Silbowitz, J.), entered November 12, 1985, which awarded judgment to plaintiff Cheryl Schildkraut, as administratrix of the estate of Alan Schildkraut, deceased, and individually, against defendants in the amount of $4,007,556.52, based upon a verdict apportioning liability between defendants at 40% as against Eagle Lines, Inc. and Roger K. Bickford and 60% as against the City of New York and awarding plaintiff the sum of $400,000 for conscious pain and suffering and $3,000,000 for wrongful death, unanimously reversed, on the law and on the facts, and a new trial ordered solely on the issues of apportionment of liability and/or wrongful death damages, as the case may be, without costs or disbursements, unless, within 20 days after service upon their attorneys of a copy of the order to be entered herein, with notice of entry, defendants agree to an apportionment of liability of 75% to defendants Eagle Lines and Bickford and 25% to defendant City of New York and unless plaintiff consents to a reduction of the wrongful death award to $2,000,000 and the parties serve and file in the office of the clerk of the trial court written stipulations agreeing to said apportionment and reduction, respectively, and to the entry of an amended judgment in accordance therewith. If the parties so stipulate, the judgment, as so amended, is affirmed, without costs or disbursements.

While the record discloses that a prima facie case in negligence was made out against the City of New York based on its failure to post certain traffic signs at or near the Jerome Avenue entrance to the eastbound lanes of the Cross Bronx

Expressway, and to provide improved illumination in the area, we find that the jury's apportionment of relative responsibility as between the city and the codefendants, Eagle Lines and Bickford, the owner and operator, respectively, of the tractor trailer which collided with the rear of the deceased's vehicle, to be skewed. Clearly, Bickford was the major culprit in causing the accident. The only credible evidence on the subject indicates that he was speeding in fairly heavy traffic, traveling in the left lane of the expressway where trucks are not permitted, and, although the stalled traffic was visible for a distance of at least 800 feet, he did not brake until he was 60 feet away. A motorist is required to keep a proper lookout, drive at a speed appropriate to the circumstances and maintain a proper distance from the traffic ahead of him. Moreover, Bickford was operating a truck with defective brakes. In light of the foregoing, it is clear to us that the jury did not "appraise * * * correctly" the "relative persuasiveness and probative force" *(Nassau-Suffolk Pet Supply v Ashdown,* 22 AD2d 891) of the proof bearing on the liability of Eagle and Bickford. In the circumstances, we believe that an apportionment of liability of 75% against Eagle and Bickford and 25% against the city more reasonably reflects the reality of the situation and we provide accordingly. We also find the wrongful death damages to be excessive to the extent indicated.

We have examined the other issues and find that they are without merit. Concur—Kupferman, J. P., Sullivan, Rosenberger, Ellerin and Wallach, JJ.