■ IRENE EDWARDS et al., Appellants, v TERRYVILLE MEAT Co., Respondent.—In a negligence action to recover damages for personal injuries, the plaintiffs appeal (1) as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Cannavo, J.), entered September 11, 1989, as granted the defendant's motion for summary judgment dismissing the complaint, and (2) from an order of the same court entered September 21, 1989, which denied the plaintiffs' motion for reargument.

Ordered that the order and judgment entered September 11, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order entered September 21, 1989, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the defendant is awarded one bill of costs.

In this slip-and-fall case, it was incumbent upon the plaintiffs to come forth with evidence showing that the defendant had either created the allegedly dangerous condition or that it had actual or constructive notice of the condition *(see, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural*

*History,* 67 NY2d 836, 837). The injured plaintiff was in the defendant's store for only about 10 minutes before she allegedly slipped and fell on an unknown milky-colored substance which she concededly did not see until after she fell. There is no evidence that the defendant caused the substance to be on the floor, nor is there sufficient evidence to establish that the defendant had either actual or constructive notice of the substance *(see, Fasolino v Charming Stores,* 77 NY2d 847; *Anderson v Klein's Foods,* 73 NY2d 835, *affg* 139 AD2d 904; *Scirica v Ariola Pastry Shop,* 171 AD2d 859; *Torri v Big V,* 147 AD2d 743). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment.

The plaintiffs' claim that summary judgment was inappropriate because of their need for further disclosure is without merit. The plaintiffs failed to take any steps to compel disclosure or to otherwise investigate the case during the three-year period between the first examinations before trial and the defendant's motion for summary judgment. Their inaction may not now be used as a means to thwart summary judgment *(see, Meath v Mishrick,* 68 NY2d 992, 994; *Guarino v Mohawk Containers Co.,* 59 NY2d 753, 754; *Kennerly v Campbell Chain Co.,* 133 AD2d 669, 670).

We have considered the plaintiffs' remaining contention and find it to be without merit. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.