■ NANCY SEIFERT et al., Respondents, v ARLONA COMPANY et al., Defendants, and GRAND UNION COMPANY et al., Appellants. [613 NYS2d 643] —In an action to recover damages for personal injuries, etc., (1) the defendant Dumor Construction Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated October 8, 1992, as denied its motion for summary judgment dismissing the complaint, and (2) the defendant The Grand Union Company appeals, as limited by its brief, from so much of the same order, as upon granting reargument of its prior cross motion for summary judgment adhered to so much of an order of the same court, dated April 13, 1992, as denied that cross motion.

Ordered that the order is affirmed, with one bill of costs.

On November 22, 1989, at approximately 12:50 P.M., the plaintiff Nancy Seifert slipped and fell on a patch of ice in the parking lot of the Mayfair Shopping Center about 50 feet from the entrance of a Grand Union supermarket. The plaintiffs commenced this action against Dumor Construction Inc. (hereinafter Dumor), The Grand Union Company (hereinafter Grand Union), and others, alleging that all were negligent in creating and/or failing to remedy the slippery, dangerous condition. Specifically, the plaintiffs alleged that the ice was formed after Grand Union's cesspools overflowed and Dumor failed, as required under contract, to remove this ice from the parking lot.

The plaintiffs came forth with evidence showing that each of the appellants had either created the allegedly dangerous condition or that they had actual or constructive notice of the condition *(see, Edwards v Terryville Meat Co.,* 178 AD2d 580;

*Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692). Dumor contends that it did not have constructive notice of the icy condition because its contract with the owner of the shopping center only required plowing and sanding after precipitation. However, the contract provided that Dumor would "plow [the] parking lots and roads [and] sand [the] parking lots and roadways". Although interpretation of an unambiguous contract provision is a function of the court *(see, Chimart Assocs. v Paul,* 66 NY2d 570, 572-573), this contract did not specifically set forth when Dumor was required to plow and sand. In addition, there is conflicting evidence as to whether Dumor inspected the parking lot for icy patches even in the absence of precipitation and sanded icy spots which were not the result of precipitation. It is impossible to determine the parties' contractual intention from the evidence submitted without assessing the credibility of the witnesses. Thus, the Supreme Court properly denied Dumor's summary judgment motion *(see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262).

Furthermore, the Supreme Court properly denied Grand Union's cross-motion for summary judgment. The evidence submitted adequately set forth that Grand Union created the dangerous condition *(see, Gaither v Saga Corp.,* 203 AD2d 239). In addition, contrary to Grand Union's contentions, a tenant may be held liable for negligently allowing the leased premises to become dangerous, and such potential for liability exists independently of the terms of the lease *(see, McNelis v Doubleday Sports,* 191 AD2d 619; *Chadis v Grand Union Co.,* 158 AD2d 443, 444). O'Brien, J. P., Pizzuto, Joy and Krausman, JJ., concur.