■ MICHAEL LEMMA et al., Plaintiffs, v FOREST CITY PIERREPONT ASSOCIATES et al., Defendants and Third-Party Plaintiffs. STEEL STRUCTURES CORPORATION, Third-Party Defendant-Respondent; A.C. ASSOCIATES, Third-Party Defendant-Appellant. [625 NYS2d 553] —Judgment of the Supreme Court, New York County (Martin Evans, J.), entered February 16, 1994 which, upon a jury verdict, *inter alia,* apportioned liability between third-party defendant A.C. Associates and third-party defendant Steel Structures Corporation, 80% and 20%, respectively, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of setting aside so much of the verdict as apportioned liability and directing a new trial on the issue of apportionment unless third-party defendants consent to apportionment of liability of 50% each and, except as so modified, affirmed, without costs.

This action was instituted by plaintiff Michael Lemma to recover damages for violations of Labor Law §§ 200, 240 and 241. His wife sued for loss of consortium. Michael Lemma (plaintiff) sustained injury on May 19, 1987 when he was hit by a piece of falling steel weighing approximately 50 pounds at a construction site at 300 Cadman Plaza West in the Borough of Brooklyn. The steel lug was being removed from a beam by a welder at the 23rd-floor level when it apparently broke loose from its tie back (safety wire) and struck the decking covering the 22nd floor below. It then passed through an opening some 15 feet away from the point directly below the welder's location, came into contact with a beam at the 21st-floor level (which was not covered by any decking) and struck plaintiff, who had just arrived on the 20th floor.

Third-party defendant A.C. Associates, which employed plaintiff as a foreman, and third-party defendant Steel Structures Corporation, which was performing the structural steel work at the site, were impleaded by the defendants, the owners of the property and the general contractor. Primarily at issue on this appeal is the apportionment of damages assessed by the jury, 80% against A.C. Associates and 20% against Steel Structures Corporation.

A.C. Associates was retained by Steel Structures Corpora-

tion to install the permanent steel decking onto which concrete is poured to form the building's floors. For the protection of the workers, Steel Structures Corporation installed temporary wooden decking at every other floor, as required by regulations of the Occupational Safety Health Administration. While A.C. Associates candidly concedes that "each trade or contractor must conduct the work so as to provide for safety at the job site", Steel Structures Corporation's engineer admitted that it was the party responsible for the erection of protective wooden decking at the job site. Steel Structures also employed the welder who, the same witness testified, should have secured the lug he was removing with safety wire, preventing the piece of steel from falling in the first instance. As such, Steel Structures' liability is at least coextensive with that of plaintiff's employer, which only removed planking when it was ready to install permanent steel decking. The engineer testified that Steel Structures Corporation had erected temporary wooden decking a few days before the accident to cover a shaft that had previously been used for a derrick. But he was unable to say who might have removed some portion of the decking, thereby creating the opening through which the steel lug is presumed to have fallen.

According the findings of the jury the respect they deserve (*Nicastro v Park,* 113 AD2d 129, 137), the culpability of Steel Structures Corporation for the negligence of its employee in causing the injury to plaintiff can be no less than any breach of duty by A.C. Associates in protecting plaintiff from injury. Therefore, the jury's apportionment of damages is against the weight of the evidence (*Yalkut v City of New York,* 162 AD2d 185; *Schildkraut v Eagle Lines,* 126 AD2d 480, *lv denied* 70 NY2d 605).

As to A.C. Associates' contention that the rulings by Supreme Court created a prejudicial atmosphere, we note that most were precipitated by repetitive questioning or by the way in which questions were posed by counsel. Any prejudice which may have resulted from the rulings, taken either individually or in the aggregate, is not sufficient to warrant a new trial. Concur—Murphy, P. J., Sullivan, Rubin, Kupferman and Ross, JJ.