■ JOSEPH SLADICK, Respondent-Appellant, v HUDSON GENERAL CORPORATION et al., Appellants-Respondents. (And a Third-Party Action.) [641 NYS2d 270] —Judgment, Supreme Court, New York County (Leland DeGrasse, J., and a jury), entered June 1, 1995, awarding plaintiff, after a stipulated reduction, *inter alia*, $2,500,000 for past pain and suffering and $5 million for future pain and suffering, unanimously affirmed, without costs.

Considering the extensive evidence of defendant's pain and suffering arising from the amputation of his leg eight inches above the knee, the deterioration of parts of his surviving leg, his numerous operations, the consequential lifelong back pain that will result, the lifelong need to change his prosthesis on a regular basis and the need for constant adjustments and phys-

ical therapy, the loss of a formerly athletic lifestyle, and the 42 year life expectancy remaining, the award does not deviate materially from what would be reasonable compensation (CPLR 5501 [c]). This case is not comparable to those involving the unelaborated loss of a leg.

The record does not support defendants' claim that the jury had already incorporated a rate for inflation in considering the award for lost future earnings. The court's charge indicates that the jury utilized a work-life expectancy of 26.2 years, which, multiplied by plaintiff's last salary, approximates the verdict.

Since the debt which the annuity contract was intended to satisfy dates to the time of the verdict (see, Rohring v City of Niagara Falls, 84 NY2d 60, 70), the "time of the award" stated in CPLR 5041 (e) must refer to the verdict rather than the judgment.

Plaintiff failed to demonstrate by clear, unequivocal and convincing evidence that defendants' conduct was so wanton or reckless as to justify an award of punitive damages (see, Camillo v Geer, 185 AD2d 192, 193-194; see also, Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196, 201, 202-204). Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Tom, JJ.