■ ANDRES TRAVERSO, Respondent-Appellant, v AUSTIN PLACE LEASING CORP., Defendant, and MILEA TRUCKING CORP. et al., Appellants-Respondents. [672 NYS2d 878] —Order (denominated a judgment), Supreme Court, Bronx County (Kenneth Thompson, Jr., J., and a jury), entered June 18, 1997, upon a jury verdict in favor of plaintiff in the sum of $800,000 for past pain and suffering and $1 million for future pain and suffering and finding plaintiff 10% negligent and defendants 90% negligent, and upon the order of the same court and Justice, entered February 26, 1997, which granted defendants' post-trial motion for a new trial on the issue of damages only unless plaintiff stipulated to a reduced award, after apportionment, of $425,000, unanimously modified, on the facts, to direct a new trial on the issues of apportionment of liability and damages and otherwise affirmed, without costs, unless plaintiff, within 30 days of the service upon him of a copy of this order with notice of entry, stipulates to an apportionment of fault of 60% against defendant and 40% against himself and a reduction of the awards, before apportionment, for past and future pain and suffering to

$400,000 and $600,000, respectively, and to the entry of an amended judgment in accordance therewith.

We find the jury's apportionment of fault to be against the weight of the evidence and modify to the extent indicated (*see, Schildkraut v Eagle Lines,* 126 AD2d 480, *lv denied* 70 NY2d 605). We think a 60%-40% apportionment of liability more appropriate, where plaintiff saw the oncoming truck, but nevertheless attempted to make a left hand turn in the belief that he had ample time to make such turn, and then admittedly slowed down in the middle of his turn and honked his horn, as a result of which the oncoming truck driver, who never applied his brakes, was unable to go around plaintiff's vehicle as he intended. We also find the trial court's reduction of the awards for past and future pain and suffering was excessive to the extent indicated. We have considered defendants' argument that the admission of the individual defendant's prior convictions was error and find it to be without merit (*see,* Prince, Richardson on Evidence § 6-406 [Farrell 11th ed 1995]). Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.