■ ROBERT LAVIGNA et al., Appellants, v CAPITAL CITIES/ ABC, INC., et al., Respondents, et al., Defendant. ABC, INC., Formerly Known as CAPITAL CITIES/ABC, INC., et al., Third-Party Plaintiffs-Respondents, v J.T. FALK & COMPANY, INC., Third-Party Defendant-Respondent. [683 NYS2d 536] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered November 6, 1997, which, *inter alia*, granted defendants-respondents' motion for summary judgment dismissing the complaint as against them and denied plaintiffs' cross motion to compel discovery and to amend the complaint to add the third-party defendant as a direct defendant, unanimously affirmed, without costs.

Plaintiffs have failed to raise a triable issue of fact concerning plaintiff Robert LaVigna's employment with defendant Capital Cities/ABC, Inc., and indeed affirmatively asserted in a prior, discontinued Federal action that LaVigna was employed by the company. That being the case, Lavigna's claims against Capital Cities were properly dismissed as barred by the exclusivity rule of Workers' Compensation Law § 11 (*see, Gonzales v Armac Indus.*, 81 NY2d 1, 8). We note that there was no showing of any deliberate conduct by Capital Cities such as would suffice to bring the case within the exception to the exclusivity rule (*see, Acevedo v Consolidated Edison Co.*, 189 AD2d 497, 500-501, *lv dismissed* 82 NY2d 748). Nor was there any evidence of wanton or reckless behavior by either Capital Cities or Lehrer McGovern Bovis to sustain plaintiffs'

claim for punitive damages (*see, Sladick v Hudson Gen. Corp.*, 226 AD2d 263, 264).

Plaintiffs also failed to raise an issue of fact in support of their claim that defendant Lehrer McGovern Bovis, Inc. (LMB) had knowledge, actual or constructive, of a defective condition that would have permitted the seepage of the allegedly injurious fumes from welding work over which LMB was the project manager into the area where plaintiff Robert LaVigna was allegedly injured (*see, Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969).

Plaintiffs' request for additional discovery was properly denied since their certificate of readiness stated that there were no outstanding discovery requests, and they have failed to demonstrate that they took measures to obtain the information now sought during the three years their action was pending (*see, Edwards v Terryville Meat Co.*, 178 AD2d 580, 581). Moreover, the newly sought evidence would not raise any material issues, particularly since the investigative report upon which plaintiffs themselves rely states that the materials welded did not produce any toxic fumes, and that even if they had, the fumes would not have seeped into the area of the building where plaintiff was working.

Finally, the denial of plaintiffs' motion to amend the complaint to add J.T. Falk as a defendant, after the Statute of Limitations had expired, was proper, since, even assuming, arguendo, that J.T. Falk was "united in interest" with defendants, the company did not know, nor should it have known, that an action would be brought against it as well as the other defendants, and, moreover, the failure to join J.T. Falk as a defendant was not attributable to excusable error by plaintiffs, but solely to their delinquency in investigating the facts (*see, Buran v Coupal*, 87 NY2d 173, 178). Concur—Williams, J. P., Wallach, Andrias and Saxe, JJ.