■ ADELE LANGER, Respondent, v DORIS ORENSTEIN, Appellant, COUTURE ANONYMOUS LTD., Doing Business as "ON THE MARK," Respondent. [744 NYS2d 218] —In an action to recover damages for personal injuries, the defendant Doris Orenstein appeals from a judgment of the Supreme Court, Westchester County (Nastasi, J.), dated December 6, 2000, which, upon the granting of the motion of the defendant Couture Anonymous Ltd., doing business as "On the Mark," pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint and cross claims insofar as asserted against it, upon the denial of her motion for the same relief, and upon a jury verdict against her and in favor of the plaintiff finding her to be 40% at fault in the happening of the accident and the plaintiff to be 60% at fault in the happening of the accident, awarded the plaintiff damages in the principal sum of $350,000 against her, and, in effect, dismissed the complaint and cross claims insofar as asserted against the defendant Couture Anonymous Ltd., doing business as "On the Mark."

Ordered that the appeal from so much of the judgment as, in effect, dismissed the complaint insofar as asserted against the defendant Couture Anonymous Ltd., doing business as "On the Mark" is dismissed, on the ground that the appellant is not aggrieved by that portion of the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof that, in effect, dismissed the cross claims against the defendant Couture Anonymous Ltd., doing business as "On the Mark," and those cross claims are reinstated and severed; as so modified, the judgment is affirmed insofar as reviewed and the matter is remitted to the Supreme Court, Westchester County, for a new trial on those cross claims, with costs to abide the event.

It is well settled that "[a]n out-of-possession landlord owes *no duty* to maintain and make repairs upon demised premises unless it retains control of the property or is contractually obligated to perform such maintenance and repairs" (*Gallo v Apollon City Corp.*, 278 AD2d 363, 363-364; *see Putnam v Stout*, 38

NY2d 607, 618). Since the lease in the instant case explicitly provided that the appellant landlord, Doris Orenstein, "shall maintain and repair the public portions of the building, both interior and exterior," the Supreme Court properly denied her motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint and cross claims insofar as asserted against her (*cf. Discini v Richgold Assoc.,* 272 AD2d 366).

"[A] tenant may be held liable for negligently allowing the leased premises to become dangerous, and such potential for liability exists independently of the terms of the lease" (*Seifert v Arlona Co.,* 205 AD2d 679, 680; *see Chadis v Grand Union Co.,* 158 AD2d 443, 444). In light of the undisputed fact that Couture Anonymous Ltd., doing business as "On the Mark" (hereinafter Couture) arranged for the installation of some of the tiles upon which the plaintiff slipped and fell, the court erred in determining, as a matter of law, that Couture bore no responsibility for the accident. Therefore, Orenstein's cross claims against Couture are reinstated and severed, and the matter is remitted for a new trial on those cross claims.

Orenstein's remaining contentions are without merit. Ritter, J.P., Krausman, Friedmann and Luciano, JJ., concur.