(September 11, 2003)

■ ANNA MARIE BONDI, Respondent, v RICHARD BAMBRICK, Appellant, et al., Defendants. [764 NYS2d 674] —Judgment, Supreme Court, New York County (Milton Tingling, J.), entered May 21, 2002, which, after a jury trial, awarded plaintiff the total sum of $18,751,640.71, inclusive of interest and costs, unanimously modified, on the law, to reduce the judgment by the prior settlements of the defendant-appellant's codefendants in the total amount of $1,325,000, and further modified, on the law and the facts, to remand for a new trial as to punitive damages only unless plaintiff stipulates, within 20 days after service of a copy of this order with notice of entry, to accept punitive damages in the amount of $1,000,000 and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

The complaint's allegations that appellant acted recklessly when, while intoxicated, he drove his vehicle over the double yellow line on the roadway and struck plaintiff, then a passenger on a motorcycle, sufficed to put appellant on notice of a

potential claim for punitive damages (*see Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196, 203-204 [1990]).

The trial evidence demonstrated that appellant, although previously convicted of driving while intoxicated, knowingly and willingly operated his car, which he understood to be a dangerous instrumentality, while intoxicated at the time of the subject accident, and, indeed that his blood alcohol level in the immediate aftermath of the accident was .42%, the highest such level ever recorded by the Suffolk County District Attorney's office. However, we find $7,000,000 to be an excessive punitive damages award and regard $1,000,000 as a sum sufficient to punish appellant and to deter future misconduct (*see McIntyre v Manhattan Ford, Lincoln-Mercury,* 256 AD2d 269, 271 [1998], *lv denied* 94 NY2d 753 [1999]).

The total pain and suffering award of $9,750,000 does not deviate from what is reasonable compensation in light of the evidence that plaintiff, an active 35-year-old woman, lost part of her left leg in the accident, underwent nine surgeries prior to trial, including some very painful skin grafts as well as two surgeries that required the removal and relocation of muscle tissue, and was left with pervasive scarring and a wound at the area of amputation that may never heal (*see Hoenig v Shyed,* 284 AD2d 225 [2001]; *Sladick v Hudson Gen. Corp.,* 226 AD2d 263 [1996]).

Appellant correctly contends, and plaintiff agrees, that the judgment should be reduced by the amounts of the prior settlements of appellant's two codefendants, which totaled $1,325,000. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Marlow, JJ.