■ JAMES NARES, Respondent, et al., Plaintiff, v M & W WATERPROOFING et al., Appellants. [772 NYS2d 523]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered September 3, 2002, which, after a jury trial, apportioned liability equally among defendants and awarded plaintiff the principal sum of $3,237,203, unanimously modified, on the facts, to the extent of setting aside so much of the verdict

as apportioned liability and directing a new trial on the issue of apportionment, and otherwise affirmed, without costs, unless defendant M & W Waterproofing, within 30 days after service upon its attorneys of a copy of this order, with notice of entry, stipulates to an apportionment of liability of 70% to it and 30% to defendant NTJ Associates, respectively, and to the entry of amended judgment in accordance therewith.

Defendant owner NTJ Associates (NTJ) hired defendant contractor M & W Waterproofing (M & W) to remove a metal chute from the exterior of its building. Sparks from an acetylene torch used by the contractor entered a window which plaintiff artist had left open a few inches in his studio. This caused a fire, which set off the building's sprinkler system, allegedly causing water damage to, among other things, 2,138 works on paper, for which the jury awarded the sum of $2,975,500, the full amount set by his expert.

Defendants' experts testified that the artist failed to mitigate damages because his storage and salvage methods were flawed, that certain works were undamaged or restorable, that 95% of the works were not saleable to begin with, and that past sales history did not support his expert's opinion as to value. The artist, his dealer and experts testified that he did all he could to salvage these saleable works, but could not prevent a total loss. Viewing the evidence in the light most favorable to plaintiffs, it did not so preponderate in favor of defendants that the verdict could not have been reached upon any fair interpretation of the evidence (*O'Boyle v Avis Rent-A-Car Sys.*, 78 AD2d 431, 439 [1981]).

The damages figure arrived at had a reasonable basis of computation and was not merely speculative, possible or imaginary (*Matter of Rothko*, 43 NY2d 305, 323 [1977]). Potential sales commissions are not deductible from the award, and the artist's retention of these works in his studio, unmarketed, as a private collection or a legacy for his children, did not diminish their value (*Wool v Ayres*, 283 AD2d 299 [2001]).

There is no basis to disturb the finding that the artist was not comparatively negligent. Even if there was a general notice of the construction posted in the lobby, there was no showing that he had been warned to close his window against the danger of sparks. As to the addition of a lock on the entry door, the claim that entry could have been gained prior to the sprinkler's activation is unsupported and speculative.

We find, however, that the jury's apportionment of liability equally among the two defendants cannot be sustained under any fair interpretation of the evidence (*Colon v New York City*

*Hous. Auth.*, 248 AD2d 254 [1998]; *Lemma v Forest City Pierrepont Assoc.*, 214 AD2d 493, 494 [1995]). Defendant M & W, which conceded liability at the trial, was clearly the more responsible party in that its employees were the ones operating an acetylene torch in the vicinity of plaintiff's window without adequate precautions. Thus, while the jury's finding that NTJ was derelict in its supervisory duties is supportable, its apportionment of liability equally with M & W is not, and we modify accordingly (*see Schildkraut v Eagle Lines*, 126 AD2d 480, 480-481 [1987], *lv denied* 70 NY2d 605 [1987]).

Finally, isolated, indirect references to insurance coverage can hardly be said to have influenced the jury, and do not warrant a mistrial here (*Div-Com Inc. v F. J. Zeronda, Inc.*, 136 AD2d 844, 847 [1988]). Concur—Buckley, P.J., Tom, Ellerin and Gonzalez, JJ.