■ Jose Pouso et al., Appellants, v City of New York et al., Defendants, and C. Pavlou, Inc., et al., Respondents. (And Other Actions.) [804 NYS2d 24]—

Judgment, Supreme Court, New York County (Norman Ryp, J.), entered November 26, 2002, after a jury verdict for plaintiffs in the principal amount of $2,722,889, which, to the extent appealed from as limited by the briefs, set aside so much of the verdict attributing 5% liability to defendant Spa Steel Products and dismissed the complaint as against that defendant, reapportioning the 5% liability equally between defendant C. Pavlou,

Inc. and third-party defendant Hirani Contracting Corp., thus raising their respective liability to 49.5%; granted common-law indemnity to Pavlou as against Hirani; awarded no damages for future pain and suffering; and set aside and vacated a $60,000 award for future medical expenses, unanimously modified, on the law and the facts, to deny common-law indemnity to Pavlou, and to vacate the disposition as to apportionment of liability and damages for future pain and suffering and remand for a new trial on those issues, and otherwise affirmed, without costs, unless Pavlou stipulates, within 20 days of service of a copy of this order with notice of entry, to an apportionment of liability of 70% to Hirani and 30% to Pavlou and/or to an award of damages for future pain and suffering in the amount of $250,000, and, in the event it stipulates to both, to entry of an amended judgment in accordance therewith.

The injured plaintiff, an employee of subcontractor Hirani, suffered a crushed ankle and foot when a delivery of steel rebars, weighing 2,000 to 3,000 pounds, fell on him from Spa's flatbed delivery truck. Upon arrival at the construction site, Spa's driver was directed by Hirani's foreman on where and how to park the truck. That part of the verdict attributing 5% negligence to Spa was properly set aside in view of the fact that Spa's employee neither participated in nor suggested the method for unloading the rebars (*see Curley v Gateway Communications*, 250 AD2d 888, 892 [1998]). The fact that the truck was not equipped with mechanical means of unloading the rebars was not a proximate cause of plaintiff's accident but merely furnished the condition or occasion therefor (*cf. O'Malley v USA Waste of N.Y.*, 283 AD2d 409 [2001]).

That part of the verdict attributing 1% negligence to plaintiff must be set aside as unsupported by sufficient evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

The jury's apportionment of liability equally between Hirani and Pavlou cannot be sustained under any fair interpretation of the evidence (*see Nares v M & W Waterproofing*, 5 AD3d 155, 156-157 [2004], *lv dismissed* 3 NY3d 698 [2004]). General contractor Pavlou was responsible for job site safety, it selected the site of delivery of the rebars and it failed to provide the machinery to unload the rebars safely despite its principal's expressed awareness that manual unloading was dangerous. However, Hirani was the more responsible party in that it instructed its employees how to unload the rebars. Thus, while the jury's finding that Pavlou was guilty of some negligence is supportable (*see Cohen*, 45 NY2d at 498; *Gulotta v Bechtel Corp.*, 245 AD2d 75 [1997]), its apportionment of liability equally with

Hirani is not, and we modify accordingly (*see Nares*, 5 AD3d at 156-157). In view of the finding that Pavlou was guilty of negligence beyond the strict statutory liability, it may not seek indemnification from Hirani (*see Gulotta, supra*).

The jury's failure to award damages for future pain and suffering was insupportable, in light of the evidence. The injuries were serious, leading, inter alia, to amputation of a big toe. Plaintiff continues to experience pain and requires the use of a cane for walking (*see Po Yee So v Wing Tat Realty*, 259 AD2d 373 [1999]). However, the award of $60,000 for future medical expenses was properly set aside as speculative and unproven with reasonable certainty.

Pavlou is not required to stipulate to both the indicated apportionment of liability and the indicated award of damages for future pain and suffering, but may, if it should be so advised, stipulate to either one or the other. Concur—Andrias, J.P., Saxe, Ellerin and Gonzalez, JJ.

Resettlement granted and, upon resettlement, the decision and order of this Court entered herein on March 15, 2005 (16 AD3d 204 [2005]) is hereby recalled and vacated and a new decision and order substituted therefor.