■ Rocco Giannattasio, Respondent-Appellant, v Han Suk Kang, Respondent, and New York City Off-Track Betting Corp., Appellant-Respondent. [816 NYS2d 685]—In an action to recover damages for personal injuries, the defendant New York City Off-Track Betting Corp. appeals from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated November 16, 2004, as, in effect, granted the separate motions of the plaintiff and the defendant Han Suk Kang for reargument of a prior order of the same court dated July 28, 2004, which, inter alia, granted the motion of the defendant New York City Off-Track Betting Corp. for summary judgment dismissing the complaint and cross claims insofar as asserted against it, and upon reargument, in effect, reinstated the complaint and the cross claims of the defendant Han Suk Kang as to the duties of the defendant New York City Off-Track Betting Corp. "to repair the sidewalk and specifically the slope," and the plaintiff cross-appeals from so much of the same order as, upon reargument, in effect, denied that branch of his motion which was to reinstate his claims against the defendant New York City Off-Track Betting Corp. in their entirety.

Ordered that the appeal and cross appeal are dismissed, without costs or disbursements.

The appeal and cross appeal from the order dated November 16, 2004 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see*

CPLR 5501 [a] [1]; *Giannattasio v Han Suk Kang,* 30 AD3d 375 [2006] [decided herewith]).

Motion by the plaintiff, on an appeal from an order of the Supreme Court, Kings County, dated November 16, 2004, inter alia, to dismiss the appeal from that order on the ground that it has been rendered academic. By decision and order on motion of this Court dated October 12, 2005, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied as academic in light of the determination of the appeal. Florio, J.P., Adams, Luciano and Fisher, JJ., concur.