■ FELICIA HERNANDEZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [860 NYS2d 75]—

Judgment, Supreme Court, New York County (Robert D. Lippmann, J., and a jury), entered December 28, 2006, awarding plaintiff, inter alia, prestructured damages in the principal amounts of $3 million for past pain and suffering, $4.6 million for future pain and suffering over 24 years, future surgery expenses of $90,000 over five years, future psychotherapy expenses of $126,000 over eight years, and other medical expenses of $4,661,529 over 24 years, and bringing up for review an order, same court and Justice, entered June 22, 2006, which granted plaintiff's motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, plaintiff's motion for summary judgment on the issue of liability denied and the matter remanded for a trial on that issue, and, in the event plaintiff prevails on the issue of liability, damages as found by the jury (1) vacated, on the law, as to the awards of $30,000 for future ankle surgery within five years, and $126,000 for future psychotherapy over eight years, (2) reduced, on the law, as to the award for a home health aide from $3,042,949 over 24 years to $633,947.70 over five years, and as to the award for handicapped-adapted housing over 24 years from $850,000 to $490,400, and (3) vacated, on the facts, as to the awards for past and future pain and suffering, and a new trial directed on those issues, unless plaintiff stipulates, within 30 days of service of a copy of this order, to reduce the past and future pain and suffering awards to $2.5 million and $3 million, respectively.

Supreme Court erred in granting plaintiff's motion for summary judgment on the issue of liability. Triable issues of fact exist as to whether defendant driver failed to exercise due care to avoid the accident (see Vehicle and Traffic Law § 1146; *Marquis v Eisenstein*, 5 AD3d 741, 742 [2004]), and whether plaintiff was comparatively negligent in failing to keep a proper look-out for traffic (see *Thoma v Ronai*, 82 NY2d 736 [1993]; *Cator v Filipe*, 47 AD3d 664 [2008]; cf. *Hoey v City of New York*, 28 AD3d 717 [2006]).

Plaintiff suffered severe injuries to her legs, which were pinned under defendant New York City Transit Authority's bus; her right arm, shoulder, and ankle were also injured. She was in the hospital for almost three months, underwent five operations, and will need at least one future operation; she needs a four-prong cane in order to walk; and still experiences pain.

Without minimizing the severity of plaintiff's injuries, the $3 million awarded by the jury for past pain and suffering deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]). The highest supportable amount, taking into account that plaintiff did not suffer an amputation but did suffer injuries to both legs, an ankle, and a shoulder, is $2.5 million (*cf. Sladick v Hudson Gen. Corp.*, 226 AD2d 263 [1996]; *Hoenig v Shyed*, 284 AD2d 225 [2001]).

Similarly, the future pain and suffering award of $4.6 million over 24 years likewise deviates materially from what would be reasonable compensation, with case law from this Court demonstrating that $3 million over 24 years would constitute reasonable compensation for comparable injuries (*see Bondi v Bambrick*, 308 AD2d 330, 330-331 [2003] [total pain and suffering award of $9.75 million did not deviate from what is reasonable compensation for active 35-year old woman]; *Kovit v Estate of Hallums*, 307 AD2d 336, 336-338 [2003], *revd on other grounds* 4 NY3d 499 [2005] [$10 million future pain and suffering award reduced to $1.75 million]; *Sladick*, 226 AD2d at 263-264 [$5 million future pain and suffering award over 42 years did not deviate from what would be reasonable compensation]).

The award of $3,042,949 for a home health aide for the next 24 years was speculative and unproven with reasonable certainty (*see Pouso v City of New York*, 22 AD3d 395, 397 [2005]). The jury anticipated that plaintiff would have her right knee replaced within five years, as shown by its award for future surgery expenses, and indeed plaintiff's own doctor said that if the surgery went well, plaintiff would be able to perform independent daily activities. Therefore, plaintiff did not prove that she would need a home health aide for the next 24 years (*id.*). Accordingly, we reduce the home health aide award to $633,947.70 (that amount is to five years what $3,042,949 is to 24 years). The award for handicapped-adapted rental housing is excessive to the extent indicated (*see Eccleston v New York City Health & Hosps. Corp.*, 266 AD2d 426, 428 [1999]), given the uncontradicted evidence that a more cost-effective solution would be the purchase of a handicapped-adapted cooperative apartment, in addition to payments for 24 years of common charges and any necessary renovations.

The witness who testified as to plaintiff's need for future ankle surgery did not say that plaintiff would need that operation within the next five years. Therefore, the jury's award of $30,000 for an ankle operation within five years is speculative and should be set aside (*Pouso* at 397).

At the time of trial, plaintiff was not undergoing psycho-

therapy, even though that had been recommended to her. Nor did plaintiff's expert psychological witness establish her need for future psychotherapy with reasonable certainty. Accordingly, the award for future psychotherapy expenses is speculative and should be set aside (see Guerrero v Djuko Realty, 300 AD2d 542, 543 [2002], lv denied 100 NY2d 501 [2003]). Concur—Friedman, J.P., Gonzalez, McGuire and Moskowitz, JJ.