ROCCO GIANNATTASIO, Appellant, v HAN SUK KANG et al., Respondents, et al., Defendant. [869 NYS2d 595]—

Contrary to the plaintiff's contentions, the trial court properly interpreted the decisions of this Court in *Giannattasio v Han Suk Kang* (30 AD3d 374 [2006]), and *Giannattasio v Han Suk Kang* (30 AD3d 375 [2006]), and limited the evidence at retrial to the plaintiff's claims regarding the alleged defective slope.

The trial court erred, however, in granting the motion of the defendant New York City Off-Track Betting Corporation (hereinafter OTB) pursuant to CPLR 4401 for judgment as a matter of law. " 'A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party . . . In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Robinson v 211-11 N., LLC*, 46 AD3d 657, 658 [2007], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). While it was proper for the trial court to interpret the unambiguous lease dated September 1, 2000, as a matter of law (*see Teitelbaum Holdings v Gold*, 48 NY2d 51, 56 [1979]; *Sumitomo Bank of N.Y. Trust Co. v Town of N. Hempstead*, 278 AD2d 402, 403 [2000]), the lease does not in and of itself absolve OTB of potential liability for the alleged defective slope. " '[A] tenant may be held liable for negligently allowing the leased premises to become dangerous, and such potential for liability exists independently of the terms of the lease' " (*Langer v Orenstein*, 295 AD2d 574, 575 [2002], quoting *Seifert v Arlona Co.*, 205 AD2d 679, 680 [1994]; *see Cohen v Central Parking Sys.*, 303 AD2d 353, 354 [2003]). Accordingly, the trial court should have submitted the issue of OTB's liability for the alleged defective slope to the jury.

The plaintiff's remaining contentions are without merit. Fisher, J.P., Balkin, McCarthy and Leventhal, JJ., concur.