■ MICHAEL A. HIXSON, Appellant, v COTTON-HANLON, INC., et al., Respondents. [875 NYS2d 361]—

Appeal from a judgment of the Supreme Court, Allegany County (Thomas P. Brown, J.), entered May 1, 2008 in a personal injury action. The judgment awarded money damages to plaintiff upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by granting the post-trial motion in part and setting aside the verdict with respect to damages for future pain and suffering and as modified the judgment is affirmed without costs, and a new trial is granted on damages for future pain and suffering only unless defendants, within 20 days of service of the order of this Court with notice of entry, stipulate to increase the award of damages for future pain and suffering to $125,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when a 1,000-pound pipe fell on

his left foot, crushing his "great and second" toes and requiring their amputation. The jury awarded plaintiff $100,000 for past pain and suffering but no damages for future pain and suffering or for future orthotics costs. We conclude that Supreme Court properly precluded testimony on plaintiff's need for future pain medication and plaintiff's future loss of earnings because that testimony would have been speculative (*see Galaz v Sobel & Kraus*, 280 AD2d 427 [2001]). Although we agree with plaintiff that the court erred in precluding an orthopedic surgeon from testifying with respect to his future need for orthotics, that error was harmless because another witness testified with respect thereto and thus the testimony of the orthopedic surgeon would have been cumulative (*see Sweeney v Peterson*, 24 AD3d 984, 985 [2005]).

We agree with plaintiff, however, that the court erred in denying that part of his post-trial motion seeking to set aside the verdict with respect to damages for future pain and suffering. Indeed, we agree with plaintiff that "[t]he verdict insofar as it awards no damages for future pain and suffering is contrary to the weight of the evidence" (*Corsaro v Mt. Calvary Cemetery*, 258 AD2d 969, 969 [1999]; *see Pouso v City of New York*, 22 AD3d 395, 397 [2005]). The uncontroverted evidence established that plaintiff has a 25% to 30% loss of use of his foot, has some difficulty walking, and has occasional pain (*see Quigley v Sikora*, 269 AD2d 812, 813 [2000]). In our view, the sum of $125,000 for the future pain and suffering of plaintiff, who at the time of trial had a life expectancy of an additional 50 years, is the minimum amount that the jury could have awarded to plaintiff (*see generally Pouso*, 22 AD3d at 396-397). We therefore modify the judgment accordingly, and we grant a new trial on damages for future pain and suffering only unless defendants, within 20 days of service of the order of this Court with notice of entry, stipulate to increase the award of damages for future pain and suffering to $125,000, in which event the judgment is modified accordingly. Present—Smith, J.P., Centra, Peradotto and Gorski, JJ.