(February 19, 2015)

■ MIGUEL BONANO, Respondent, v CITY OF NEW YORK, Appellant. [4 NYS3d 174]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 30, 2013, upon a jury verdict allocating 85% of the fault to defendant and 15% to plaintiff, and awarding plaintiff $500,000 for past pain and suffering and $1,140,000 for future pain and suffering, unanimously affirmed, without costs.

Plaintiff testified that he was injured while operating a motorized dirt bike on a roadway, when a police officer in an unmarked police car opened his door, blocking plaintiff's lane of travel and causing him to lose control of the bike and crash into a parked car. The officer testified to a different version of events. It is clear that the jury resolved the credibility issues presented in plaintiff's favor, and its finding that the officer's conduct proximately caused plaintiff's injuries is supported by legally sufficient evidence and is not against the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498 [1978]). In particular, the jury credited plaintiff's testimony that, fearing he was about to be robbed by the person who had opened the car door and stretched out an arm, he rode onto the sidewalk and accelerated, whereupon his motor bike went up on one wheel and he lost control of it.

The court properly allowed testimony and argument relating to the officer's act of reaching out his hand from the car since the factual information was needed to place plaintiff's actions in context and establish his claim of negligence.

Plaintiff, who was 19 years old at the time of the accident, sustained, inter alia, a serious injury to his right ankle, including open, comminuted fractures of the fibula, tibia and talus,

requiring three surgeries. A fourth surgery is likely required to eliminate pain by either fusing the ankle bones or replacing the ankle, which healed with malunion, and has caused significant, permanent, and arthritic changes, which are of a progressive nature. In addition, one of the screws that was placed in plaintiff's ankle broke, destroying the talus bone, causing plaintiff to suffer from daily pain, restricting the ankle's range of motion, and limiting his physical activities.

Given the extent of the 19-year-old plaintiff's injuries, some of which are of a progressive and arthritic nature, and the likelihood of further surgery to either restrict motion in the ankle or eliminate it altogether by replacing the ankle, the damages awarded by the jury for future pain and suffering did not materially deviate from what would be considered reasonable compensation (*see* CPLR 5501 [c]; *Rivera v New York City Tr. Auth.*, 201 AD2d 378 [1st Dept 1994]; *Lowenstein v Normandy Group, LLC*, 51 AD3d 517 [1st Dept 2008]). Concur—Friedman, J.P., Acosta, Saxe, Manzanet-Daniels and Gische, JJ.