# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1023**
**CAF 14-01469**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF KEVIN BLAIR,
PETITIONER-APPELLANT,

V                                                         MEMORANDUM AND ORDER

CRYSTAL DIGREGORIO, RESPONDENT-RESPONDENT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR PETITIONER-APPELLANT.

KELLY M. CORBETT, FAYETTEVILLE, FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered July 24, 2014 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent sole custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father appeals from an order that, inter alia, awarded sole custody of the subject child to respondent mother. We affirm. We agree with the father that Family Court erred in not admitting in evidence a video depicting the child in a vehicle with the mother on the ground that only the creator of that video could lay a proper foundation for its admission in evidence. During her testimony, the mother denied recording the video and testified that her older son recorded it. The father sought to introduce the video, which was sent by the mother to the father's cell phone, to show that the mother was engaged in distracted driving by taking a video of the child while she was driving the vehicle. The father also sought to introduce that video to show that the mother was not a credible witness because the video supported the father's assertion that the mother recorded the video, not her older son. A video may be authenticated by a person other than the creator of the video where "the testimony of a witness to the recorded events . . . [demonstrates] that the videotape accurately represents the subject matter depicted" (*People v Patterson*, 93 NY2d 80, 84; *see Zegarelli v Hughes*, 3 NY3d 64, 69; *Read v Ellenville Natl. Bank*, 20 AD3d 408, 409), and thus the court erred in not admitting the video in evidence on the ground that the mother did not record it. We conclude, however, that the error is harmless. Inasmuch as the father watched the video and testified to its contents, we conclude that the admission of the video would have been cumulative of the testimony

adduced at trial (*see generally Hixson v Cotton-Hanlon, Inc.*, 60 AD3d 1297, 1298).

Contrary to the father's further contention, the court properly determined that it was in the best interests of the child to award sole custody to the mother.  The court's custody determination following a hearing is entitled to deference (*see Eschbach v Eschbach*, 56 NY2d 167, 173), "particularly in view of the hearing court's superior ability to evaluate the character and credibility of the witnesses" (*Matter of Thillman v Mayer*, 85 AD3d 1624, 1625).  Here, the court's written decision establishes that the court engaged in a " 'careful weighing of [the] appropriate factors' " (*Matter of Triplett v Scott*, 94 AD3d 1421, 1422), and the court's determination has a sound and substantial basis in the record (*see Matter of Misty D.B. v David M.S.*, 38 AD3d 1317, 1317; *Betro v Carbone*, 5 AD3d 1110, 1110).

Entered:  October 9, 2015                    Frances E. Cafarell
                                             Clerk of the Court