■ In the Matter of STEAM PIPE EXPLOSION AT 41ST STREET AND LEXINGTON AVENUE. MARJORIE KANE TALENTI, Also Known as MARGO KANE, Respondent-Appellant, v CONSOLIDATED EDISON, INC., et al., Defendants, CITY OF NEW YORK, Respondent, and TEAM INDUSTRIAL SERVICES, INC., Appellant-Respondent. (And a Third-Party Action.) [45 NYS3d 793]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered October 19, 2015, which, to the extent appealed from as limited by the briefs, after a jury trial, reduced the award for past pain and suffering from $4,380,000 to $2,500,000, and reduced the award for future pain and suffering from $7,442,000 to $1,500,000, unanimously modified, on the facts, to vacate the awards, and to direct a new trial of those damages, unless, within 30 days after service of a copy of this order with notice of entry, plaintiff stipulates to a reduction of the awards for past and future pain and suffering to $3,250,000 and $1,500,000, respectively, and to entry of judgment in accordance therewith, and, as so modified, affirmed, without costs.

On July 18, 2007, plaintiff, then 70 years old, sustained severe injuries to her right lower leg and foot after being buried in rubble following a steam pipe explosion. Among her injuries were a degloving injury, comminuted fractures of the tibia and fibula, and an open calcaneous fracture. Plaintiff required multiple surgeries, including the insertion and removal of hardware, muscle and skin grafts, and the amputation of a portion of her right fifth toe and heel bone, as well as more than seven months of hospitalization and in-patient rehabilitation and care. Her recovery was complicated by five bouts of clostridium difficile infection, a bacterial infection that causes profuse diarrhea. While plaintiff can walk for an hour a day, no longer takes prescription pain medication, and has resumed limited socializing, she suffers from chronic pain, she cannot place her right heel directly on the ground, her right leg is one inch shorter than her left, the range of motion and strength in her ankle are likely permanently compromised, she requires orthotics, and she has lost some of her previous independence.

Under the circumstances, we find the jury awards for past and future pain and suffering deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *compare Bonano v City of New York*, 125 AD3d 502 [1st Dept 2015]; *Lewis v New York City Tr. Auth.*, 100 AD3d 554 [1st Dept 2012], *lv denied* 21 NY3d 856 [2013]; *Jones v New York City Tr. Auth.*, 66 AD3d 532 [1st Dept 2009]; *Keating v SS&R Mgt. Co.*, 59 AD3d 176 [1st Dept 2009]; *Hernandez v New York City Tr. Auth.*, 52 AD3d 367 [1st Dept 2008]; *Bello v New York City Tr. Auth.*, 50 AD3d 511 [1st Dept 2008]). Concur—Sweeny, J.P., Acosta, Moskowitz, Kapnick and Kahn, JJ.