Parkway Medical Care, P.C., as Assignee of Jennifer Prepetit, Appellant, 
against
GEICO General Ins. Co., Respondent.




Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for appellant.
Law Office of Printz & Goldstein (Lawrence J. Chanice of counsel), for respondent. 

Appeal from an order of the Civil Court of the City of New York, Kings County (Lisa S. Ottley, J.), entered October 17, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs. 
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint. 
In support of its cross motion, defendant established that the denial of claim form, which had denied the claim on the ground of lack of medical necessity, had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Defendant further submitted an affirmed peer review report which set forth a factual basis and medical rationale for the neurologist's determination that there was a lack of medical necessity for the services at issue (see Delta Diagnostic Radiology, P.C. v Integon Natl. Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51502[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Delta Diagnostic Radiology, P.C. v American Tr. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52455[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; A. Khodadadi Radiology, P.C. v NY Cent. Mut. Fire Ins. Co., 16 Misc 3d 131[A], 2007 NY Slip Op 51342[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Defendant's prima facie showing was not rebutted by plaintiff.
Upon the record presented, we find no merit to plaintiff's argument that defendant's cross motion should have been denied, or a continuance ordered to provide an opportunity for disclosure, as plaintiff had ample opportunity to take steps to compel discovery or otherwise investigate the case before it moved for summary judgment. Plaintiff failed to do so, and its inaction may not now be used as a means to defeat defendant's cross motion (see Edwards v Terryville Meat Co., 178 AD2d 580 [1991]; Silinsky v State-Wide Ins. Co., 30 AD2d 1 [1968]).
Accordingly, the order is affirmed. 
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2018