Muniz v Chimienti Realty Assoc. Inc. (2021 NY Slip Op 01331)





Muniz v Chimienti Realty Assoc. Inc.


2021 NY Slip Op 01331


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 21227/11E Appeal No. 13262 Case No. 2020-01569, 2020-02843 

[*1]Jonathan Muniz, Plaintiff-Appellant-Respondent,
v
Chimienti Realty Associates Inc. et al., Defendants-Respondents-Appellants.


Scott Baron & Associates, P.C., Howard Beach (Scott Baron of counsel), for appellant-respondent.
Mauro Lilling Naparty LLP, Woodbury (Eric Z. Leiter of counsel), for respondents-appellants.



Resettled amended order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about December 13, 2019, which, to the extent appealed from as limited by the briefs, awarded plaintiff $167,266.40 for past medical expenses, denied the branch of defendants' motion to set aside the jury's verdict and for a new trial, and granted the branch of defendants' motion to set aside the jury's award of $5 million for future pain and suffering to the extent it reduced that award to $1.25 million, unanimously modified, on the law and the facts, to reduce the award for past medical expenses to $90,258.47, and otherwise affirmed, without costs.
We find that the jury's award for future pain and suffering as reduced by the trial court does not deviate materially from what would be reasonable compensation (CPLR 5501[c]; see Bonano v City of New York, 125 AD3d 502 [1st Dept 2015]; Vasquez v City of New York, 298 AD2d 187 [1st Dept 2002]).
To the extent that the errors defendants allege were committed during the course of this lengthy trial are preserved for our review, we find that they were not so prejudicial as to warrant setting aside the verdict and ordering a new trial in the interest of justice (see Register v SAS Morrison LLC, 189 AD3d 591 [1st Dept 2020]; compare Smith v Rudolph, 151 AD3d 58 [1st Dept 2017]).
Furthermore, the court properly awarded plaintiff past medical expenses for his hospitalization in the amount of $90,258.47, which is the sum of the amounts contained in the hospital bills submitted by plaintiff that, contrary to defendants' argument, were properly certified pursuant to CPLR 4518(b). However, we modify to subtract the amount plaintiff claimed for his inpatient rehabilitation, since the bills for those services, as reproduced in the record, were not properly certified and therefore were not in admissible form (CPLR 3122-a, 4518).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021