ROSE A. GAFFNEY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Municipal corporation — ice upon sidewalks — when municipality not liable for injuries caused by fall upon icy sidewalk.

A person injured by a fall upon an icy sidewalk cannot recover against a municipality where it appears that a few days before the accident there was a light fall of snow followed by rain, making slush upon the sidewalk, but that, until the day before the accident, such snow and slush had not become frozen and did not present any unusual or exceptional condition. (*Williams* v. *City of New York*, 214 N. Y. 259, 264, followed.)

*Gaffney* v. *City of New York*, 166 App. Div. 942, reversed.

(Argued April 26, 1916; decided May 9, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 29, 1915, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lamar Hardy, Corporation Counsel* (*Edward A. Freshman* and *Thomas F. Magner* of counsel), for appellant. There was no evidence in this case showing that the interference with travel was dangerous, unusual or exceptional. The conditions proved by plaintiff were those ordinarily and generally brought about in this locality. (*Williams* v. *City of New York*, 214 N. Y. 259; *Harrington* v. *City of Buffalo*, 21 N. Y. 147; *Hatch* v. *City of Elmira*, 142 App. Div. 174; *Moran* v. *City of New York*, 98 App. Div. 301; *Brennan* v. *City of New York*, 130 App. Div. 267; 197 N. Y. 544; *Dupont* v. *Vil. of Portchester*, 204 N. Y. 351; *Winne* v. *City of Albany*, 15 N. Y. Supp. 423; *O'Keefe* v. *Mayor, etc.*, 29 App. Div. 254; *Hawkins* v. *Mayor, etc.*, 54 App. Div. 258; *Berger* v. *Mayor, etc.*, 65 App. Div. 394; *Previdi* v. *City of New York*, 150 App. Div. 135; *Rallya* v. *City of New York*, 162 App. Div. 617.)

*Henry M. Dater, Jay S. Jones* and *Edward J. Fanning* for respondent. The evidence was clearly sufficient to warrant the submission to the jury of the question of defendant's negligence. (*Faber* v. *City of New York*, 213 N. Y. 411; *Kraus* v. *Birnbaum*, 200 N. Y. 130; *Higgins* v. *Eagleton*, 155 N. Y. 466; *Williams* v. *City of New York*, 214 N. Y. 259; *O'Hara* v. *City of Brocklyn*, 57 App. Div. 176; *Terry* v. *Vil. of Perry*, 199 N. Y. 79.)

SEABURY, J. This is an action to recover damages for personal injuries. The plaintiff claims to have suffered the injuries complained of by reason of having slipped

upon ice on the sidewalk in the borough of Brooklyn in the city of New York. The evidence offered on behalf of the plaintiff was not sufficient to carry the case to the jury. The accident happened on January 4, 1912. A witness called on behalf of the plaintiff testified that on December 27th or 28th, there was a "little bluster of snow." It appears that this fall of snow was followed by rain and that there was slush on the sidewalk which, by reason of travelers walking over it, became uneven. The temperature between the day of the snow fall and the day of the accident was variable. The snow and slush on the sidewalk prior to the day before the accident had not become frozen and did not present any unusual or dangerous obstruction to travel. The day before the accident and on the day of the accident there was a fall in temperature and the uneven snow and slush on the sidewalk became frozen. This evidence falls short of establishing such an unusual and exceptional condition as is necessary to charge a municipality with negligence in cases of this character. (*Williams* v. *City of New York*, 214 N. Y. 259, 264.) Upon this evidence the jury would not have been justified in concluding that the condition existing at the time and place of the accident was so different in character from the condition ordinarily and generally existing during the winter season, as to charge the municipality with negligence for failure to remove the slush from the sidewalk. This case differs from the *Williams Case (supra)* and falls within the principle of *Harrington* v. *City of Buffalo* (121 N. Y. 147, 150), which was commented upon and quoted from in the opinion in the *Williams Case (supra)*. The recent opinion in this court in the *Williams Case (supra)* makes it clear that there can be no liability on the part of a municipality in cases of this character, unless a dangerous and unusual condition of the street is shown, and the lapse of sufficient time to charge the municipality with constructive notice of that condition. The condition shown to exist in this case was

not unusual or exceptional.   On the contrary, the condition that did exist was such as was naturally to be expected during the winter season in our climate.   The law does not impose responsibility for such a condition upon a municipality.   It follows that the judgment appealed from should be reversed and the judgment of the Trial Term dismissing the complaint affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur.

Judgment reversed, etc.