MARTHA W. KAISER, Respondent, v. THE CITY OF NEW YORK, Appellant.

First Department, November 22, 1918.

Municipal corporations — liability of city for injuries caused by accumulations of snow and ice upon sidewalks — evidence — question of fact — instructions to jury — when city not negligent as matter of law — when liability attaches.

In an action against the city of New York for injuries sustained by slipping and falling on a sidewalk covered with an accumulation of ice, evidence by the plaintiff tended to show that the walk was extensively used; that the outer half where plaintiff was walking was covered with old ice from two to two and one-half inches thick, but the inner half was partly free and clear, and that the walk had remained in that condition for about four days prior to the accident. The city showed that prior to the accident there had been a rain storm which had turned into snow and sleet; that there was snow on the evening of the accident; that the walk was properly cleaned, and that reasonable care was exercised in endeavoring to keep it free from ice. There was no proof of actual notice to the city of the condition of the sidewalk nor of any other accident.

*Held,* that there was a question of fact for the jury as to whether there was a dangerous accumulation of snow and ice on the walk and whether such condition existed for such a length of time that the city should have known of it and remedied it.

Where municipalities devolve the duty of removing snow from the sidewalks in the first instance upon the abutting property owners, the city is not required to be vigilant in removing snow as it falls, but may wait a reasonable time for the performance of this duty by those upon whom it has thus been devolved.

Since the court instructed the jury that if they found that the sidewalk was in a dangerous condition at the time of the accident, then and then only the question of damages was to be considered, but failed to advise the jury that after constructive notice of the dangerous condition of the

sidewalk the city was entitled to a reasonable time under the circumstances, including weather conditions, within which to make it safe, it was error to withdraw a subsequent charge that it was neither incumbent on the property owner nor on the city " to entirely remove all the snow from that sidewalk, but their duty was a qualified one and all they were required to do was to make it reasonably safe," since the jury were thereby left at liberty to charge the city with negligence for its failure to remove all the snow, regardless of any difficulty encountered in so doing.

It was also error for the court to subsequently instruct the jury that if they find there was an accumulation of snow and ice upon the walk, as testified to by the plaintiff's witnesses, and that that was such a dangerous condition in that locality that it constituted negligence on the part of the city in permitting it to remain there, as the jury were thereby given to understand, that if there was a dangerous accumulation upon the walk the city was negligent as matter of law in permitting it to remain, and they may well have inferred that the court intended to withdraw the prior charge with respect to constructive notice.

In actions against municipalities to recover for injuries caused by accumulation of snow and ice upon the sidewalks, the liability does not attach upon notice either actual or constructive, but only after the lapse of a reasonable time after such notice for remedying the dangerous condition.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 30th day of January, 1918, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 6th day of February, 1918, denying defendant's motion for a new trial made upon the minutes.

*William A. Walling* of counsel [*Terence Farley* with him on the brief; *William P. Burr, Corporation Counsel*], for the appellant.

*Cornelius J. Earley*, for the respondent.

LAUGHLIN, J.:

At about eight-forty-five o'clock in the evening on the 18th of March, 1916, the plaintiff while walking southerly on the easterly sidewalk of Third avenue in front of No. 2894, slipped on an accumulation of ice and fell, sustaining injuries, to recover for which this action was brought. Evidence was offered on the part of the plaintiff tending to show that the sidewalk was very extensively used and that travel thereon

was somewhat congested at the time; that the outer half where the plaintiff was walking was covered with old ice from two to two and one-half inches thick which was rough and hilly but the inner half of the walk was partly free and clear of ice; that the ice was thickest at the curb and that the walk had remained in that condition for about four days prior to the accident. The city showed that a rain storm on the fourteenth of the month had turned into snow and sleet and on the fifteenth two-tenths of an inch of sleet fell and three and two-tenths inches of snow fell and the storm continued into the sixteenth for upwards of three hours; that on the fourteenth the temperature ranged from thirty-one to thirty-nine degrees and from thirty-four to fifteen on the fifteenth and then remained below freezing until after the accident. There was a trace of snow on the seventeenth and at seven-twenty-five P. M. the evening of the accident snow commenced falling and continued until after the accident. Evidence was also offered on behalf of the city tending to show that the walk was properly cleaned after the snow storm and that reasonable care was exercised in endeavoring to keep it free from ice, and that it was free from ice save near the curb where ice had formed from snow and slush thrown up there from the carriageway by vehicles. There was no proof of actual notice to the city of the condition of the sidewalk and plaintiff relied solely on constructive notice. Of the multitude of people who passed over the sidewalk there was no evidence of any other accident.

Doubtless in view of the decision of the Court of Appeals in *Williams* v. *City of New York* (214 N. Y. 259) there was a question of fact for the jury as to whether there was a dangerous accumulation of snow and ice on the sidewalk and whether such dangerous condition existed for such a length of time that the city should have known of it and remedied it. But it was a close case on the facts and it was very important that the jury should be properly instructed with respect to the city's duty and liability. We are of the opinion that the learned trial court conveyed to the jury an erroneous impression with respect to the duty devolving upon the city with respect to the removal of snow and ice from sidewalks of the public streets. Usually municipalities devolve the duty of removing snow

from the sidewalks in the first instance upon the abutting property owners and when that is done the law is well settled that the city is not required to be vigilant in removing snow as it falls but may wait a reasonable time for the performance of this duty by those upon whom it has thus been devolved.

In this case no such ordinance was proved or brought to the attention of the trial court nor has any been brought to our attention on the appeal. Notwithstanding this omission, however, we are of the opinion that the trial court overstated the duty of the city in the premises. The court instructed the jury that the duty of the city was one of active vigilance; that it was not liable unless it had constructive notice of the condition of the sidewalk but that when the condition remains for such length of time that it would have had notice had it exercised reasonable diligence then notice may be imputed to it. The court then instructed the jury that if they found that the sidewalk was in a dangerous condition at the time of the accident, then and then only the question of damages was to be considered. At no point in the charge did the learned court advise the jury that after constructive notice of the dangerous condition of the sidewalk, the city was entitled to a reasonable time in the circumstances, including weather conditions, within which to make it safe. Counsel for the city at the close of the charge in chief requested the court to instruct the jury that it was neither incumbent on the property owner nor on the city " to entirely remove all the snow from that sidewalk, but their duty was a qualified one, and all they were required to do was to make it reasonably safe." The court at first granted this request and then withdrew the charge, saying that the measure of the duty on the part of the city was to see that the sidewalk was in a reasonably safe condition. We are of the opinion that the jury were misled by the withdrawal of these instructions which involved a correct proposition of law. The jury were thereby left at liberty, to charge the city with negligence for its failure to remove all the snow regardless of any difficulty encountered in so doing. A more serious error was, however, committed in the final instructions given to the jury at the request of the attorney for the plaintiff. The request which was charged was as follows: " I ask your Honor to charge,

if the jury find there was an accumulation of snow and ice upon this sidewalk, as testified to by the plaintiff's witnesses, and they find that that was such a dangerous condition in that locality, that constituted negligence on the part of the city in permitting it to remain there." By that instruction the jury were given to understand that if there was a dangerous accumulation of snow and ice upon the walk, the city was negligent as matter of law in permitting it to remain there. An exception was duly taken by the city to this charge. The jury may well have inferred that by this specific instruction the court intended to withdraw the prior charge with respect to constructive notice and even if it be assumed that they understood that the city must have such notice, still the dangerous accumulation with constructive notice to the city would not render the city negligent as a matter of law the moment the accumulation became dangerous or the moment it had such notice. It would still have a reasonable time after such notice to take steps to remove the obstruction or to protect the traveling public therefrom and its liability would not attach until the lapse of such time, and it was for the jury to say whether in the circumstances it performed that duty. It still remains the law in actions against municipalities to recover for injuries caused by accumulations of snow and ice upon sidewalks that the liability does not attach upon notice either actual or constructive but only after the lapse of a reasonable time after such notice for remedying the dangerous condition. (*Gaffney* v. *City of New York*, 218 N. Y. 225; *Harrington* v. *City of Buffalo*, 121 id. 147.)

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING and SMITH, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.