■ CHARLOTTE M. HAMILL, Respondent, v CITY OF NEW YORK, Appellant. — Judgment, Supreme Court, New York County, entered June 8, 1979, entered upon a verdict awarding plaintiff the sum of $70,000, unanimously reversed, on the law, without costs or disbursements, and the complaint dismissed. No competent evidence on which to predicate a finding of negligence against the city was presented and its motion for a directed verdict should have been granted. Plaintiff had the burden of showing that the city permitted an unusual and dangerous accumulation of ice and snow to remain on the sidewalk where the accident occurred for an unreasonable period of time, and that such accumulation was the proximate cause of the accident. *(Gaffney v City of New York,* 218 NY 225; *Taylor v City of Yonkers,* 105 NY 202, 206-210.) At the time of plaintiff's fall on January 4, 1974 on an icy sidewalk located on Broadway between Duane and Reade Streets, less than four hours had elapsed since the cessation of a sleet and snowstorm which had begun at 1:00 P.M. on January 3. Snow removal operations had been commenced during the course of the storm. Conceding that a jury finding for negligence for failure to remove any accumulation of ice and snow within four hours after the cessation of the January 3 to 4 storm would have been "virtually impossible", plaintiff attempted to fasten liability on the theory that she had slipped on an accumulation of ice and snow which was the residue from a snowstorm on December 16 to 17, 1973. The evidence does not support such a contention. The city's expert, a meteorologist, testified, on the basis of data contained in the weather reports, that the ground accumulation of the December 16 to 17 storm had been completely removed by the heavy rains and unseasonably warm temperature of late December, 1973,

that no ground accumulation existed on December 24, and that except for a trace of precipitation at 7:00 A.M. on January 3, 1974, which was the precursor of the January 3 to 4 storm, no measurable frozen precipitation subsequent to December 24 and prior to the January 3 to 4 storm occurred. According to the meteorologist any dirt, footprints or ridges in the ice at the time of the accident were caused by pedestrian traffic during and immediately after the January 3 to 4 storm. The only evidence in support of plaintiff's version of old ice and snow was the testimony of a passerby who responded to the accident. He stated "Well, I don't know, from my own viewpoint I would say [the ice] must have been there a week or more." Significantly, this witness did not testify to the condition of the sidewalk before the morning of the accident. This witness' completely speculative testimony, which was the trial court's justification for submitting the case to the jury on the theory of snow and ice from a prior snowstorm, was totally belied by the city's uncontroverted evidence. The complaint is dismissed. Concur — Birns, J. P., Sullivan, Markewich, Silverman and Yesawich, JJ.