## (June 30, 1981)

■ JOSE SAEZ, Respondent, v CITY OF NEW YORK, Appellant, and JACOB FREEDMAN, Doing Business as PROSPECT HOSPITAL, Appellant-Respondent. — Judgment, Supreme Court, Bronx County (Di Fede, J.), entered on April 1, 1980, in favor of the plaintiff in the total amount of $56,320.65, unanimously reversed, on the law and on the facts, without costs and disbursements, and plaintiff's complaint dismissed. The plaintiff, a 76-year-old physician, who was associated with the defendant hospital, testified that on the winter morning of January 27, 1977, he was visiting patients at Prospect Hospital, as was his custom. Plaintiff had parked his car on the hospital side of the street, south of the entrance, in a location reserved for doctors, with the passenger side of the vehicle parallel to the sidewalk. As plaintiff was leaving the hospital, he proceeded towards the front of his car in order to enter on the driver's side. As he approached the car, he "reached the, sort of groove or ice in the street on the sidewalk. I twisted my ankle and I landed right flat on the top of my right leg." As a result of this fall, plaintiff suffered a fracture of the right leg. Plaintiff also asserted that "there was some ice on the ground, from half an inch to one inch, one and a half to two inches, and this ice was like crystal clear." A passerby, who stopped to aid the plaintiff, testified that the site of the accident was covered with snow and "icy patches" which were "like little mountains". It was conceded by the plaintiff that the hospital had cleared a path from the front of its premises into the street, which was free from ice or snow. It is apparent that the jury determined that plaintiff failed to use this path. Accordingly, they found this conduct culpable and established the liability of the plaintiff at one third. The Court of Appeals in *Williams v City of New York* (214 NY 259, 263-264), when considering a snow and ice case, formulated the following criteria in order to determine the liability of a municipality. "In order to render a municipality liable in this class of cases the interference with travel must be, (1) Dangerous, (2) Unusual or exceptional; that is to say, different in character from conditions ordinarily and generally brought about by the winter weather prevalent in the given locality." At trial, weather reports for the relevant period were introduced. Although it snowed frequently during the month of December, 1976, the total accumulation of snow for this month was only five inches. Most of this snowfall occurred on December 26 and 28. The following month a total of 13 inches of snow fell, with five inches being recorded on January 14 and less than two inches on January 24 and 25. In addition, there was testimony adduced indicating that on the date of the accident, the sidewalks around the hospital were dry and free of snow and ice.

Therefore, no need arose to spread salt over this area. A reasonable interpretation of all the evidence presented could lead the trier of facts to conclude that no dangerous or unusual conditions existed. However, it was incumbent upon the plaintiff to establish that dangerous conditions did exist. The Court of Appeals in *Gaffney v City of New York* (218 NY 225, 227-228), restated the rule that: "there can be no liability on the part of a municipality in cases of this character [snow and ice], unless a dangerous and unusual condition of the street is shown, and the lapse of sufficient time to charge the municipality with constructive notice of that condition. The condition shown to exist in this case was not unusual or exceptional. On the contrary, the condition that did exist was such as was naturally to be expected during the winter season in our climate. The law does not impose responsibility for such a condition upon a municipality." On the facts before this court the plaintiff failed to show that the defendants permitted an unusual and dangerous accumulation of ice and snow to remain on the sidewalk for an unreasonable period of time. In addition, there was no showing that any accumulation which was testified to was the proximate cause of the accident. Since plaintiff failed to meet this burden of proof, the complaint should have been dismissed *(Hamill v City of New York,* 78 AD2d 792). Concur — Murphy, P. J., Birns, Sandler, Ross and Lynch, JJ.