■ ANNE M. HOENIG, Respondent, v AZAB K. SHYED et al., Respondents, and CITY OF NEW YORK, Appellant. [727 NYS2d 80] —Judgment, Supreme Court, New York County (Paula Omansky, J., and a jury), entered January 5, 2000, apportioning liability 55% against defendant City of New York and 45% against defendants taxicab driver and owner, and awarding plaintiff damages in the pre-structured, principal amount of $7,663,078, including $2 million and $3.6 million for past and future pain and suffering, respectively, unanimously affirmed, without costs.

Plaintiff's leg was crushed when she got out of her car, which she had parked in a lane of traffic in front of a hotel, and was struck by a cab that skidded on ice. With respect to the City's liability, the jury found that the ice that caused the cab to skid

was not formed from snow that fell on the day of the accident but rather from a combination of that snowfall and a residue of prior snowfalls that had not been cleared by the City. This finding was supported by the evidence. The climatological and Department of Sanitation records on which the City relies did not render incredible as a matter of law the conflicting testimony of plaintiff's lay witness as to the week-long existence of the ice condition, and of plaintiff's expert witness as to how such a condition could have subsisted through above-freezing temperatures during the week before the accident and the impossibility of ice in the amount present on the day of the accident forming only from the snowfall that fell that day (*compare*, *Krause v City of New York*, 152 AD2d 473, 475, *lv denied* 76 NY2d 714, *with Hamill v City of New York*, 52 NY2d 1045, *affg* 78 AD2d 792; *see also*, *Ralat v New York City Hous. Auth.*, 265 AD2d 185). We note testimony that tended to undermine the relevance and even accuracy of the Department of Sanitation records, as well as evidence that tended to undermine the credibility of plaintiff's witnesses, and find no reason to disturb the jury's findings of fact on the issue of the origins of the ice (*see*, *Hill v Liford*, 215 AD2d 252). Nor is there reason to disturb the jury's apportionment of fault. The police testimony that plaintiff was illegally double parked created a question of fact as to her comparative fault, which was properly submitted to the jury for its consideration along with argument that the ice on the street made it safer for plaintiff to stop as close to the hotel as possible rather than in a lot across the street. The jury could also find that plaintiff stopped as close to the curb as possible given the presence of a snow mound and a utility company cart, credit her testimony that she saw no traffic coming, and conclude that it was not unreasonable for her to stop briefly where she did to allow a hotel employee to park her car. A fair interpretation of the evidence also supports the finding that the accident was somewhat more the City's fault in failing to clear the ice than the cab driver's fault in failing to drive carefully. Nor do the damages for an amputation above the knee of plaintiff's right leg deviate from what is reasonable compensation under the circumstances (*cf.*, *Sladick v Hudson Gen. Corp.*, 226 AD2d 263, 263-264). We have considered the City's other arguments and find them unavailing. Concur—Nardelli, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.