■ ASHER COHEN et al., Respondents, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Defendant and Third-Party Plaintiff-Respondent. CARAVAN BUS SERVICE et al., Third-Party Defendants-Appellants. [742 NYS2d 643] —In an action to recover damages for medical malpractice, etc., the third-party defendants appeal from an order of the Supreme Court, Queens County (Glover, J.), dated May 14, 2001, which denied their motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

Sylvia Cohen was injured in an automobile accident while a passenger on a bus owned by her employer, the third-party de-

fendant Caravan Bus Service (hereinafter Caravan), and operated by her coworker, the third-party defendant Elizabeth Serrano. She was treated for her injuries at Elmhurst Hospital Center. Three days later, while still hospitalized, she went into respiratory arrest, and suffered severe, permanent injuries. This medical malpractice action was commenced against the defendant, New York City Health and Hospitals Corporation (hereinafter NYCHHC), to recover damages for those injuries. NYCHHC, in turn, instituted a third-party action for contribution against Caravan and Serrano. Caravan and Serrano moved for summary judgment dismissing the third-party complaint, arguing that NYCHHC, as a successive tortfeasor, had no right to contribution from them, as prior tortfeasors. The motion was denied, and we affirm.

Generally, a subsequent, or successive, tortfeasor does not have a right to contribution from a prior tortfeasor (*see Innvar v Liviu Schapira, M.D., P.C.,* 166 AD2d 632, 633). While the initial tortfeasor may well be liable for the entire damage to the plaintiff, including any aggravation of injuries caused by a successive tortfeasor, the successive tortfeasor is liable only for the separate injury or aggravation caused by his or her conduct (*see Ravo v Rogatnick,* 70 NY2d 305, 310; *Zillman v Meadowbrook Hosp.,* 45 AD2d 267, 270). Accordingly, where the injuries caused by the original and successive tortfeasor are capable of being separated from or divided between one another, the successive tortfeasor, being liable only for the injuries that tortfeasor caused, has no right of contribution from the original tortfeasor (*see Eick v Staten Is. Orthopaedic Assoc.,* 282 AD2d 496, 497; *Kalikas v Artale,* 124 AD2d 645, 646). "However, where the plaintiff's injury is such that it is incapable of a reasonable or practicable division or allocation between the tortfeasors, the focus shifts to the relative degree of fault of the multiple tortfeasors and contribution becomes appropriate" (*Lewis v Yonkers Gen. Hosp.,* 174 AD2d 611, 612).

Caravan and Serrano failed to make a prima facie showing of entitlement to summary judgment dismissing the third-party complaint. Specifically, they failed to establish that their alleged negligence and the injuries that Sylvia Cohen initially sustained in the automobile accident were not substantial contributing causes of her ultimate injuries, for which the plaintiffs seek damages in the medical malpractice action (*see Dubrey v Champlain Val. Physicians Hosp. Med. Ctr.,* 189 AD2d 950, 951-952; *Getzelman v Lacovara,* 82 AD2d 823; *Wiseman v 374 Realty Corp.,* 54 AD2d 119, 121-122). It cannot be conclusively determined that the alleged negligence of Caravan

and Serrano was independent of the alleged negligence of NYCHHC. As such, the motion for summary judgment dismissing the third-party complaint was properly denied. Ritter, J.P., Feuerstein, Luciano and Adams, JJ., concur.