[980 NE2d 523, 956 NYS2d 475]

TINA M. HOLSTEIN, Respondent, v COMMUNITY GENERAL HOSPITAL OF GREATER SYRACUSE, Appellant.

Argued October 17, 2012; decided November 20, 2012

### APPEARANCES OF COUNSEL

*Meiselman, Denlea, Packman, Carton & Eberz, P.C.*, White Plains (*Myra I. Packman* of counsel), for appellant.

*D.J. & J.A. Cirando, Esqs.*, Syracuse (*John A. Cirando, Bradley E. Keem* and *Elizabeth deV. Moeller* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Plaintiff Tina Holstein commenced this medical malpractice action seeking damages for injuries she sustained based on the

alleged negligence of an employee of defendant Community General Hospital of Greater Syracuse (the Hospital). Following trial, the jury returned a verdict on liability, by a vote of five to one, in favor of Holstein and awarded approximately $1.7 million in damages. After the verdict was announced, the Hospital requested that the jury be polled. In response, the court remarked: "Jury be polled? They have signed. They each have individually signed." The Hospital's counsel stated: "Okay. All right. Thank you" and the jury was dismissed. Two weeks later, the Hospital moved to set aside the verdict and requested a new trial. Supreme Court denied the motion and the Appellate Division affirmed Supreme Court's judgment awarding plaintiff damages (86 AD3d 911 [4th Dept 2011]).

In *Duffy v Vogel*, we held that a party has an absolute right to poll the jury and a court's denial of that right mandates reversal and a new trial (12 NY3d 169, 176-177 [2009]). In this case, however, it was not unreasonable for the trial court to conclude that the request had been withdrawn or waived in light of the nature of counsel's response to the judge's inquiry.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed, with costs, in a memorandum.