Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered August 23, 2012, which denied the motion of defendants Gloria Murray, CNM and St. Barnabas OB/GYN, EC. to set aside the jury verdict, awarding plaintiffs $20,000 for past pain and suffering, $600,000 for future pain and suffering for 20 years, and $380,000 in future lost earnings for 38 years, unanimously modified, on the facts, the award for future pain and suffering vacated, and the matter remanded for a new trial solely on the issue of damages for future pain and suffering, unless plaintiff stipulates, within 30 days of service of a copy of *418 this order with notice of entry, to reduce that award to $300,000, and to the entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.
The jury’s verdict that defendant Murray departed from good and accepted medical practice during the delivery of the infant plaintiff and that such departure was a substantial factor in causing his injuries, was supported by legally sufficient evidence and was not against the weight of the evidence (see generally McDermott v Coffee Beanery, Ltd., 9 AD3d 195, 205-206 [1st Dept 2004]). The opinions of plaintiffs’ experts that Murray used excessive lateral traction to deliver the infant, who suffered from shoulder dystocia, were not based solely on the fact that he suffered from a permanent brachial plexus injury. Although defendants’ expert reached a different conclusion concerning causation, the jury was free to accord more weight to the testimony of plaintiffs’ experts (see Torricelli v Pisacano, 9 AD3d 291 [1st Dept 2004], lv denied 3 NY3d 612 [2004]).
The trial court did not improvidently exercise its discretion in precluding evidence of plaintiff’s expert’s prior censure, by a private organization, for providing false testimony. Defendants failed to establish that the censure, for conduct which the expert denied, had sufficient evidentiary value and “some tendency to show moral turpitude to be relevant on the credibility issue” (Badr v Hogan, 75 NY2d 629, 634 [1990]).
The infant plaintiff sustained -mild Erb’s palsy, shows no appreciable difference in strength between his right and left arm, has a difference in arm length of 3 A inch which will continue to grow as he gets older, and may need future surgery to correct contractures. Under these circumstances, we find that the award for future pain and suffering deviates materially from reasonable compensation to the extent indicated (CPLR 5501 [c]; compare Sankar v Jamaica Hosp. Med. Ctr., 68 AD3d 844 [2d Dept 2009]; Abdelkader v Shahine, 66 AD3d 615 [2d Dept 2009]; Charles v Day, 289 AD2d 190 [2d Dept 2001]).
Concur — Tom, J.E, Friedman, Acosta, Andrias and Richter, JJ.