# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**572**

**CA 14-01425**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

DONALD SCHULTZ AND KATHERINE SCHULTZ,
PLAINTIFFS-RESPONDENTS,

V                                      MEMORANDUM AND ORDER

EXCELSIOR ORTHOPAEDICS, LLP, ET AL.,
DEFENDANTS,
MICHAEL A. PARENTIS, M.D., AND KEITH C.
STUBE, M.D., P.C., DOING BUSINESS AS KNEE
CENTER OF WESTERN NEW YORK,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 2.)

---

CONNORS & VILARDO, LLP, BUFFALO (LAWRENCE J. VILARDO OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

DWYER, BLACK & LYLE, LLP, OLEAN (JEFFREY A. BLACK OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Erie County (John M.
Curran, J.), entered July 18, 2014. The judgment awarded plaintiffs
money damages, upon a jury verdict, against defendants Michael A.
Parentis, M.D., and Keith C. Stube, M.D., P.C., doing business as Knee
Center of Western New York.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries sustained by Donald Schultz (plaintiff) as the result of
defendants' alleged medical malpractice resulting in an above-the-knee
leg amputation after more than a dozen surgeries and numerous
hospitalizations for postsurgical infections. Defendants Michael A.
Parentis, M.D., and Keith C. Stube, M.D., P.C., doing business as Knee
Center of Western New York (collectively, Dr. Parentis), appeal from a
judgment awarding money damages to plaintiffs.

We reject Dr. Parentis's contention that Supreme Court erred in
denying his posttrial motion seeking to set aside the verdict on the
ground that plaintiffs failed to establish a prima facie case of
medical malpractice. To establish his entitlement to that relief, Dr.
Parentis was required to establish that the evidence was legally
insufficient to support the verdict, i.e., "that there [was] simply no
valid line of reasoning and permissible inferences which could

possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499). On this record, we conclude that "there is a valid line of reasoning supporting the jury's verdict that [Dr. Parentis] deviated from the applicable standard of care in [his treatment] of plaintiff . . . , and that such deviation was a proximate cause of plaintiff's injuries" (*Winiarski v Harris* [appeal No. 2], 78 AD3d 1556, 1557). We also reject Dr. Parentis's alternative contention in support of his posttrial motion that the verdict is against the weight of the evidence, i.e., that the verdict is "palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion" (*Petrovski v Fornes*, 125 AD2d 972, 973, *lv denied* 69 NY2d 608; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746). We conclude that "the trial was a prototypical battle of the experts, and the jury's acceptance of [plaintiffs'] case was a rational and fair interpretation of the evidence" (*Holstein v Community Gen. Hosp. of Greater Syracuse*, 86 AD3d 911, 912, *affd* 20 NY3d 892 [internal quotation marks omitted]).

We agree with Dr. Parentis's contention that the court erred in sustaining plaintiffs' hearsay objections to some of Dr. Parentis's testimony concerning conversations he had with other physicians, which led to his decisions and recommendations regarding plaintiff's care. We conclude, however, that any error in that regard is harmless because the substance of the other physicians' opinions, and Dr. Parentis's reliance on those opinions, "was presented to the jury on several other occasions" (*Prozeralik v Capital Cities Communications*, 222 AD2d 1020, 1020, *appeal dismissed* 88 NY2d 843, *lv denied* 88 NY2d 812). Thus, "[t]here is no possibility that the excluded [testimony] would have had a substantial influence in bringing about a different verdict" (*Mancuso v Koch* [appeal No. 2], 74 AD3d 1736, 1737 [internal quotation marks omitted]).

Contrary to the contention of Dr. Parentis, the court properly denied his request to instruct the jury on plaintiff's comparative negligence based on his claim that plaintiff misled the surgeon who performed the above-the-knee amputation after plaintiff's final visit with Dr. Parentis. The alleged culpable conduct by plaintiff occurred after the alleged malpractice and thus could only be considered in mitigation of damages (*see Dombrowski v Moore*, 299 AD2d 949, 951). Here, however, it would have been improper for the court to instruct the jury with respect to mitigation of damages based on Dr. Parentis's claim because, even assuming, arguendo, that the information plaintiff provided to the surgeon was incorrect or untruthful, there is no evidence that plaintiff's conduct contributed to his injuries (*cf. Dunn v Catholic Med. Ctr. of Brooklyn & Queens*, 55 AD2d 597, 597).

Contrary to the further contention of Dr. Parentis, we conclude that the court properly limited the jury's consideration of plaintiff's damages caused by defendant Andrew C. Stoeckl (Dr. Stoeckl), who treated plaintiff prior to Dr. Parentis, to only those damages sustained by plaintiff up to the conclusion of Dr. Stoeckl's treatment of plaintiff. Successive tortfeasors "who neither act in

concert nor concurrently may nevertheless be considered jointly and severally liable" where the plaintiff's injuries, "because of their nature, are incapable of any reasonable or practicable division or allocation among multiple tort[]feasors" (*Ravo v Rogatnick*, 70 NY2d 305, 310).  Here, however, the evidence establishes that any injuries caused by Dr. Stoeckl's alleged negligence were separate and distinct from the injuries caused by Dr. Parentis's negligence.  We reject the related contention of Dr. Parentis that the court erred in providing the jury with two verdict sheets, and that the separate consideration of damages and the separate verdict sheets prejudiced him and confused the jury.  We conclude that, because "the injuries caused by [Dr. Stoeckl] and [Dr. Parentis] are capable of being separated from or divided between one another," the court's use of two different verdict sheets with respect to each defendant, while unconventional, was not error (*Cohen v New York City Health & Hosps. Corp.*, 293 AD2d 702, 703; *see generally Ravo*, 70 NY2d at 310).  Contrary to Dr. Parentis's further contention, the court properly instructed the jury that it could consider emotional damages as a component of a pain and suffering award inasmuch as there was substantial evidence that plaintiff's injuries caused emotional or psychological sequelae (*see DiGeronimo v Fuchs*, 101 AD3d 933, 935; *cf. Tsamasiros v Hughes*, 5 AD3d 377, 377; *Kelly v Tarnowski*, 213 AD2d 1054, 1054).

We reject Dr. Parentis's further contention that the awards for pain and suffering, loss of services, and future economic loss are excessive inasmuch as they do not deviate materially from what would be reasonable compensation under the circumstances (*see Hoenig v Shyed*, 284 AD2d 225, 226; *see also Aguilar v New York City Tr. Auth.*, 81 AD3d 509, 509-510; *Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d 18, 28, *lv denied* 11 NY3d 705; *Bondi v Bambrick*, 308 AD2d 330, 331; *cf. Garrison v Lapine*, 72 AD3d 1441, 1444).  In addition, we reject Dr. Parentis's contention that he retains his contribution rights against Dr. Stoeckl.  We agree with Dr. Stoeckl that the jury's verdict of no cause of action against him necessarily extinguishes any claim for contribution against him (*see Tapinekis v Rivington House Health Care Facility*, 17 AD3d 572, 574; *see also Kogan v North St. Community, LLC*, 81 AD3d 429, 431).

We have reviewed Dr. Parentis's remaining contentions and conclude that they are without merit.

Entered:  June 19, 2015                    Frances E. Cafarell
                                           Clerk of the Court