■ ABRA DOUAYI, Respondent, v CHARINA A. CARISSIMI, C.N.M., Appellant. [29 NYS3d 31]—

Judgment, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered November 3, 2014, which, after a jury trial, awarded plaintiff Abra Douayi $200,000 for past emotional distress and $200,000 for future emotional distress, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about September 8, 2014, which denied the posttrial motion of defendant Charina A. Carissimi, C.N.M., to set aside the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

On June 23, 2008, plaintiff, who complained of decreased fetal movement at 38 weeks' gestation, was referred to defendant certified nurse midwife for a nonstress test to ascertain the health of the fetus. After defendant performed the nonstress test, she found it to be "reactive," or normal, in that there were sufficient increases in the fetal heart rate (FHR) over a period of time. Three days later, on June 26, 2008, plaintiff delivered a stillborn infant with a "tightly wound" nuchal cord (the umbilical cord wrapped around the infant's neck).

At trial, plaintiff's expert opined that the nonstress test revealed that the FHR was not adequate, and that plaintiff should have been referred for, inter alia, additional monitoring. The expert asserted that had the mother been admitted to a hospital and undergone FHR monitoring, such testing would have detected signs of fetal distress, such as decreased fetal heartbeat and lack of variability, that could signal that a baby was deprived of oxygen, both of which were present on June 23, 2008. Further, had a physician been present, he or she could have performed an immediate cesarian section, and saved the baby.

No basis exists to disturb the verdict (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206-207 [1st Dept 2004]), "especially [as] resolution of the case turns on an evaluation of conflicting expert testimony" (*Leffler v Feld*, 79 AD3d 491, 491 [1st Dept 2010]).

The jury was entitled to resolve in plaintiff's favor the conflict between the parties' experts' testimony with respect to

what constituted a reactive nonstress test of the fetus (*see Rose v Conte*, 107 AD3d 481 [1st Dept 2013]). Thus, although defendant's expert reached a different conclusion concerning causation, the jury was free to accord more weight to the testimony of plaintiff's expert (*see Delgado v Murray*, 115 AD3d 417, 418 [1st Dept 2014]; *Torricelli v Pisacano*, 9 AD3d 291 [1st Dept 2004], *lv denied* 3 NY3d 612 [2004]). Concur—Mazzarelli, J.P., Andrias, Saxe, Moskowitz and Kahn, JJ.