■ ALFONSO MARIN, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants, et al., Defendant. [43 NYS3d 289]—

Judgment, Supreme Court, Supreme Court, New York County (Ellen M. Coin, J.), entered February 18, 2015, after a jury verdict, awarding plaintiff $2,000,000 in past pain and suffering, $4,000,000 in future pain and suffering over 30 years, $6,477.10 for medical care annually for 30 years with a cost growth rate of 4%, $3,351.42 for medication annually for 30 years with a cost growth rate of 4%, $12,555.79 for equipment and supplies annually for 30 years with a cost growth rate of 4%, and $7,084.48 for physical therapy annually for 30 years with a cost growth rate of 4%, and assessing interest on the judgment against defendant Brian A. Donaldson at a rate of 6%, unanimously modified, on the law and the facts, to assess interest on the judgment against Brian A. Donaldson at 3% and to reduce the annual cost growth rate on the future expenses to 3%, and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment accordingly.

This case arises out of a surgical amputation following plaintiff's suffering a crush injury to his leg from being hit by a car. Defendants' argument that the jury's verdict was not supported by legally sufficient evidence or was against the weight of evidence is unavailing. Sufficient evidence was adduced by plaintiff supporting his theory that Dr. Donaldson should have, in his attempt to save plaintiff's leg, employed a Fogarty catheter to reestablish circulation in the larger blood vessels and then admitted plaintiff to ICU for 24-36 hours to determine whether the leg was viable (see Douayi v Carissimi, 138 AD3d 410 [1st Dept 2016]). Plaintiff's expert's testimony, based upon plaintiff's medical records, that the chance of saving the leg was 30-40%, was legally sufficient to support the verdict (see King v St. Barnabas Hosp., 87 AD3d 238 [1st Dept 2011]).

Nor did the court err in denying defendants' request to place the driver of the vehicle that struck plaintiff, who settled prior to institution of the instant action, on the verdict sheet. Defendants are subsequent tortfeasors, and the jury was correctly charged that its award was to be limited to the exacerbation of the original injury caused by malpractice (see Bergan v Home for Incurables, 75 AD2d 762 [1st Dept 1980]; Cohen v New York City Health & Hosps. Corp., 293 AD2d 702 [2d Dept 2002]). Defendants' argument that plaintiff's original injury and subsequent amputation were indivisible is without merit, in that the experts testified as to what the condition of the leg would have been if it had been saved (compare Taromina v Presbyterian Hosp. in City of N.Y., 242 AD2d 505 [1st Dept

1997]). Defendants' arguments concerning General Obligations Law § 15-108 are academic, given that the court reduced the judgment based upon the settlement received by the settling driver.

Finally, we find no basis to reduce the jury's award of damages. Contrary to the arguments put forth by the dissent, the jury's award did not deviate materially from what would be reasonable compensation (CPLR 5501). The award was in line with similar verdicts which have been upheld (*see Lopez v New York City Tr. Auth.*, 60 AD3d 529 [1st Dept 2009], *lv denied* 13 NY3d 717 [2010]; *Hoenig v Shyed*, 284 AD2d 225 [1st Dept 2001]). The testimony was that plaintiff suffered from shrinking stump and ulcers from the prosthetic, of which he has had five. Further, the testimony was that his condition would only worsen over time, as would his ability to ambulate, and at some point he would be confined to a wheelchair. Given the testimony heard by the jury, there is no basis to conclude, as suggested by the dissent, that the jury did not, as instructed, award damages for an exacerbation of the original injury, and not the original injury itself. While the jury's award of annual expenses was based upon sufficient evidence, the increases in cost percentages it assigned to those categories of damages were above those testified to by plaintiff's own expert, and should be reduced as indicated. Lastly, the judgment against New York City Health and Hospitals Corporation employee, Dr. Donaldson, should be amended to reflect the appropriate interest amount of 3% (*see Ebert v New York City Health & Hosps. Corp.*, 82 NY2d 863, 866-867 [1993]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Renwick, Manzanet-Daniels, Gische and Webber, JJ.

Tom, J.P., dissents in part in a memorandum as follows: While I agree with the majority that the jury's finding on liability was supported by sufficient evidence and was not against the weight of the evidence, and that the trial court correctly denied defendants' request to add the driver of the vehicle that struck plaintiff to the verdict sheet, I would reduce the jury's awards for past and future pain and suffering of $2 million and $4 million to $1.5 million and $3 million respectively, and reduce the overall judgment interest to 3%.

With regard to damages, the jury's award deviated materially from what would be reasonable compensation (CPLR 5501). It is true that similar verdicts have been upheld, or reduced to amounts in line with the jury's award here (*see Lopez v New York City Tr. Auth.*, 60 AD3d 529 [1st Dept 2009],

*lv denied* 13 NY3d 717 [2010]; *Hoenig v Shyed*, 284 AD2d 225 [1st Dept 2001]). In this case, however, plaintiff's injury arose out of a surgical amputation of his leg following his suffering a crush injury to his leg from being hit by a car. Accordingly, the jury was instructed that the verdict could only award damages for an exacerbation of the original injury, and not the original injury itself. Thus, the award here was not for the entire injury, but only for the exacerbation of the original injury, a serious injury in and of itself. Moreover, even assuming plaintiff's leg was salvageable, it cannot be reasonably concluded that it would not have had deficits caused by the crush injuries from the accident. Indeed, defendants' expert testified to this likelihood. Therefore, the award should be reduced as indicated.