Turcios v De Mesa (2020 NY Slip Op 00102)





Turcios v De Mesa


2020 NY Slip Op 00102


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-10707
 (Index No. 1086/16)

[*1]Delmys De Jesus Turcios, appellant,
v
Sergio Jorge De Mesa, defendant, City of New York, respondent.


Ami Morgenstern (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Julie Steiner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 25, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff alleges that she was injured when she slipped and fell on a sidewalk that was owned by the defendant City of New York. The sidewalk had not been cleared of snow and ice that had accumulated from a storm that occurred several days earlier. The plaintiff commenced this action to recover damages for her injuries against, among others, the City. The City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order entered June 25, 2018, the Supreme Court granted the City's motion, and the plaintiff appeals.
In order for a municipality to be held liable for an injury due to the presence of snow and/or ice on a municipal sidewalk, the plaintiff must submit, inter alia, evidence that the dangerous condition was unusual or exceptional in nature, such that "the condition existing at the time and place of the accident was so different in character from the condition ordinarily and generally existing during the winter season, as to charge the municipality with negligence for failure to remove [the condition] from the sidewalk" (Gaffney v City of New York, 218 NY 225, 227; see Williams v City of New York, 214 NY 259, 264; Rodriguez v Woods, 121 AD3d 474; Hamill v City of New York, 78 AD2d 792, affd 52 NY2d 1045). "The standard of an exceptional danger, or a danger greater than that in the surrounding area has been applied to municipal sidewalks, but not to private property. The rationale behind the rule is that since a municipality has miles of sidewalks under its care and control, it would be difficult for it to keep the sidewalks clear of snow at all times" (De Coufle v Frederick Benedict, Inc., 93 AD2d 805, 806 [citation omitted]).
Here, in support of its motion for summary judgment, the City submitted evidence, [*2]including climatological data and the plaintiff's own deposition testimony, which established that the accumulated snow and ice, which the City had neither created nor exacerbated, had resulted from a typical winter storm that had covered a wide region, and that the entire area in which the plaintiff had traveled prior to her accident similarly contained snow and ice. In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the condition upon which she fell was unusual or exceptional in any manner. Accordingly, we agree with the Supreme Court's determination granting that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it (see Gaffney v City of New York, 218 NY at 227-228; Saez v City of New York, 82 AD2d 782, 782-783).
In view of the foregoing, we need not reach the parties' remaining contentions regarding the issues of actual and constructive notice.
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court