Rosenthal v Sperling (2024 NY Slip Op 06173)

Rosenthal v Sperling

2024 NY Slip Op 06173

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Index No. 22205/16 Appeal No. 3210 Case No. 2022-04651 

[*1]Alan B. Rosenthal et al., Plaintiffs-Respondents,
v
Danny S. Sperling, M.D., Also Known as Danny Sperling, M.D. etc., et al., Defendants-Appellants. Sperling Prostate Center, et al., Defendants.

Mauro Lilling NaParty LLP, Woodbury (Eric Z. Leiter of counsel), for appellants.
Jonathan A. Dachs/Shayne, Dachs, New York (Jonathan A. Dachs of counsel), for respondents.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered October 19, 2022, which, upon a jury verdict in plaintiffs' favor, denied the motion of defendants Danny S. Sperling, M.D., also known as Danny Sperling, M.D., also known as Dan S. Sperling, M.D., and Sperling Radiology, P.C., to set aside the verdict and enter judgment in their favor or, alternatively, to order a new trial, unanimously affirmed, without costs.
There is no basis to disturb the jury's finding that defendants committed medical malpractice where plaintiffs' experts unequivocally testified that the laser ablation procedure performed by Dr. Sperling was experimental and contraindicated, that it constituted a deviation from the standard of care, and that it caused plaintiff's injuries. This testimony provided a sufficient basis for the jury's verdict (see Alvarado v Miles, 32 AD3d 255, 257 [1st Dept 2006], affd 9 NY3d 902 [2007]; English v Fischman, 266 AD2d 6 [1st Dept 1999], lv denied 94 NY2d 760 [2000]).
The failure to poll the jury does not require a new trial. Defendants expressly waived their right to poll the jury when the trial court directly asked the parties whether they wanted the jury to be polled and defendants' counsel responded that he did not (see Holstein v Community Gen. Hosp. of Greater Syracuse, 20 NY3d 892, 893 [2012]). Defendants also waived any claim that the verdict was inconsistent by failing to raise that objection while the jury was still present (see Arrieta v Shams Waterproofing, Inc., 76 AD3d 495, 496 [1st Dept 2010]). In any event, nothing in the verdict or the proceedings indicates that the jurors were confused, or that they exhibited any prejudice or bias.
The damage award does not deviate from fair and reasonable compensation (see CPLR 5501[c]). The jury properly based its award on the testimony by plaintiff and his physician regarding the urological and sexual dysfunction that resulted from the procedure (see Reed v City of New York, 304 AD2d 1, 7 [1st Dept 2003], lv denied 100 NY2d 503 [2003]).
The trial court providently exercised its discretion in permitting plaintiffs to renew their motion to amend the complaint to assert a claim for punitive damages. The trial included testimony from defendants' expert essentially conceding that the procedure was experimental, as well as testimony from defendants' employees that the doctor directed changes to plaintiff's medical records after it was determined that his biopsy was negative for cancer, and then again after this suit had been filed. This testimony properly supported the trial court's decision to grant the motion (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]; Gonfiantini v Zino, 184 AD2d 368, 369 [1st Dept 1992]). However, the issue of whether the evidence supports the jury's finding that plaintiffs were entitled to punitive damages is academic, as the trial court, in a prior order, vacated that award and set the claim for a future retrial based on an error in the jury [*2]charge.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024